PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DAVID CHAPMAN, ) | |
| ) | CASE NO. 4:14CV2806 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| WARDEN, FEDERAL CORRECTIONAL ) | |
| INSTITUTE ELKTON, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |

**I.**

*Pro Se* Petitioner Michael David Chapman is a federal prisoner incarcerated in the low security satellite prison at Elkton Federal Correctional Institution ("FCI Elkton"). He has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the calculation of his sentence by the Bureau of Prisons ("BOP"). Petitioner alleges he was sentenced in the United States District Court for the Western District of New York to sixty months of incarceration following a conviction for possession of child pornography in *United States v. Chapman*, No. 1:12-cr-00287-RJA (W.D.N.Y. April 30, 2013). ECF No. 1-1 at PageID #: 11, ¶ 4.1. He was placed on restrictive home monitoring from April 27, 2012 to July 2, 2013, prior to his self-surrender on July 2, 2013, for service of his custodial sentence. ECF No. 1-1 at PageID #: 11, ¶¶ 4.2-4.4. Petitioner contends he is entitled to custody credit toward his federal sentence for the time he spent on restrictive home monitoring because it "put a restraint on [his]

(4:14CV2806)

liberty."  ECF No. 1-1 at PageID #: 11, ¶ 4.3.   For the reasons stated below, his petition is dismissed.[1]

## II.

Under 18 U.S.C. § 3621(a), the Attorney General, through the BOP, is responsible for imprisoning federal offenders.  Section 3585(b), 18 U.S.C. provides that a defendant generally must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences."  Petitioner's claim for custody credit is governed by *Reno v. Koray*, 515 U.S. 50 (1995).  In *Koray*, a United States Magistrate Judge released a defendant prior to the commencement of his federal sentence and required that he be confined to a community treatment center without authorization to leave for any reason unless accompanied by a Government special agent.  *Id.* at 52-53.  The defendant filed a habeas petition challenging the BOP's denial of his request for credit toward his federal sentence for the 150 days he spent confined to the treatment center.  The Supreme Court found that the defendant was not entitled to sentence credit under § 3585(b), holding that once a defendant is "admitted to bail," even "on restrictive conditions," he is "released" and not officially detained.  *Id.* at 57.  The Court found  an "important distinction" exists between defendants released on bail and those committed to the custody of the Attorney General because detained defendants are always subject

---

[1] Section 2243, 28 U.S.C. provides that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." "Under this provision the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

(4:14CV2806)

to the control of the BOP, including its disciplinary procedures, summary reassignment, and full discretion to control many other conditions of confinement. *Id.* at 63. "[A] defendant suffers 'detention' only when committed to the custody of the Attorney General." *Id.* at 57.

Pursuant to *Koray*, Petitioner was not officially detained under 18 U.S.C. § 3585(b) during the time he spent released on bond to home confinement with electronic monitoring. Therefore, he is not entitled to the sentence credit he seeks in the pending petition. *See Peracciny v. Stansberry*, No. 5:05-HC-37-H, 2005 WL 4827387 (E.D.N.C. May 25, 2005) (finding Petitioner was not in actual custody of the Attorney General or the BOP for the purpose of awarding credit pursuant to § 3585(b) when he was released on bail with the condition of release including electronic home monitoring), *aff'd*, 180 Fed.Appx. 441 (4th Cir. 2006).

### III.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

| | |
|---|---|
| June 30, 2015 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

3